## 11392

### FELDER v. JOHNSTON *ET AL.*

#### (121 S. E., 54)

1. EVIDENCE—MATRICULATION FEE PRESUMED COLLECTED FROM PUPIL FOR PURPOSE AUTHORIZED BY STATUTE.—In the absence of evidence to the contrary, it will be presumed that a matriculation fee of $2.00 a pupil collected by the Trustees of St. George Graded School was collected for the purposes authorized by Act Feb. 25, 1902 (23 St. at Large, p. 1175).

2. EVIDENCE—OFFICERS PRESUMED TO PROPERLY DISCHARGE THEIR DUTIES.—In the absence of evidence to the contrary, Courts are bound to presume that public officers have properly discharged their duties and that their acts are in all respects regular.

3. SCHOOL AND SCHOOL DISTRICTS—STATUTES AUTHORIZING ISSUE OF BONDS HELD NOT TO ABROGATE POWER TO CHARGE MATRICULATION FEES.—Act Feb. 17, 1906 (25 St. at Large, p. 227); Act March 4, 1909 (26 St. at Large, p. 343; Resolution Feb. 19, 1916 (29 St. at Large, p. 1240); Act Feb. 13, 1917 (30 St. at Large, p. 570); and Resolution March 1, 1923 (33 St. at Large, p. 610), conferring authority upon the St. George Graded School Trustees to issue bonds, etc., *held* not to abrogate the authority previously conferred by Special Act Feb. 25, 1902 (23 St. at Large, p. 1175), to charge matriculation fees.

4. STATUTES—GENERAL SCHOOL LAWS HELD NOT TO REPEAL SPECIAL ACT AUTHORIZING CHARGING MATRICULATION FEES.—General school laws enacted since 1902 *held* not to repeal Special Act Feb. 25, 1902 (23 St. at Large, p. 1175), authorizing Trustees of St. George Graded School to charge a matriculation fee, in view of Civ. Code 1922, § 2630, providing that school trustees shall have authority to collect such fees when allowed by a special Act.

Petition in the original jurisdiction of the Supreme Court for a writ of mandamus by Marvin P. Felder, in his own behalf and in behalf of other taxpayers and patrons of St. George School District No. 5, in Dorchester

County, opposed by J. B. Johnston and others, as Trustees of St. George School District No. 5. Petition dismissed.

*Mr. Walker S. Utsey,* for relator.  *Mr. John A. Hiers* for respondent.

January 9, 1924.  Rehearing denied January 28, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

By petition in the original jurisdiction of this Court, the relator seeks a writ of mandamus to compel the Trustees of St. George School District No. 5 to allow his children to attend the St. George's Graded School without the payment of a matriculatioon fee of $2.00 per pupil, charged and sought to be collected by the trustees pursuant to the provisions of a special Act of the General Assembly.

The Act in question, approved February 25, 1902 (23 St. at Large, p. 1175), is as follows:

"Section 1. Be it enacted by the General Assembly of the State of South Carolina: That for the purpose of extending the length of the sessions of the St. George's Graded School, and of paying the debt upon the school building, the school trustees of George District, Number Five, in Dorchester County, are authorized and empowered to · charge and collect a matriculation fee not exceeding two dollars in each year of each scholar attending said school: Provided, nevertheless, that no child shall be debarred from attending said graded school through the inability of his or her parents or guardian to pay said matriculation fee."

By an Act, approved March 11, 1922 (Code 1922, Vol. 1, p. V), the "Code of Laws for 1922" was adopted and declared to be "the only general statutory law of the State on the 12th day of January, 1922."  Section 2630, Vol. 3, Civ. Code 1922, provides as follows:

*"Powers and Duties of School Trustees.*—The Board of Trustees shall also have authority, and it shall be their duty: * * *

"(8) *Matriculation and Incidental Fees.*—To charge and collect matriculation and incidental fees from the pupils when allowed by any special Act of the General Assembly."

The relator admits that he is able to pay the fee of $2.00 charged for each of his children, but denies that the trustees have "a lawful right to make said charge." His contentions, as we understand them, are: (1) That the matriculation fees sought to be collected were not in fact charged "for the purpose of extending the length of the sessions of the St. George Graded School, and of paying the debt upon the school building" within the purview of the authority conferred upon the trustees by the special Act; and (2) that the effect of certain subsequent legislation enacted by the General Assembly was to repeal this special Act by necessary implication.

As to the first contention: The respondents allege in their return under oath:

"That such matriculation fee, authorized by Act of 1902, was necessary for the purpose of extending the school session for nine months, and was imposed and collected for that purpose and none other."

In the absence of evidence to the contrary, Courts are bound to presume that public officers have properly discharged their duties and that their acts are in all respects regular. 10 R. C. L., 880, § 27. The petitioner has presented no evidence tending to establish that the fees were not in fact charged for a purpose authorized by the special statute, and his contention in that regard must be overruled.

As to the second contention, petitioner's position seems to be this: That subsequent to the passage of the special act of 1902, authorizing the imposition of such matriculation fees, the General Assembly enacted a number of special laws relating to this school district, the effect of which was to remove the necessity for charging

and collecting matriculation fees for the purposes indicated in the Act of 1902, to wit, the lengthening of the sessions and the paying of the debt on the school building, and hence that that Act was repealed by necessary implication. The Acts relied upon to sustain that contention (25 Stat. at Large, 227; 26 Stat., 343; Resolution, 29 Stat., 1240; 30 Stat., 570; Resolution, 33 Stat., 610) confer authority upon the trustees to issue bonds for the purpose of providing funds for the purchase of real estate, the erection, equipment, and repair of buildings, to use certain funds for repairs and improvements, and to levy annual taxes for the payment of such bonds and interest, etc.

In the absence of any provision, expressly repealing the Act of 1902, it is apparent, we think, that the statutory authority subsequently conferred upon the trustees to raise money by the issuance and sale of bonds, etc., and to expend funds for certain purposes, cannot be held to abrogate the authority previously conferred to charge matriculation fees. The necessity for the imposition of the fees for the purposes contemplated might, and doubtless did, exist after the expenditure of the proceeds of the bonds and the levying of additional taxes subsequently authorized. We perceive no inconsistency between the Act of 1902 and the subsequent legislation. Certainly, there is no such conflict as will warrant a conclusion that the former Statute was repealed by the later acts. Relator's contention in this aspect of the case must, therefore, likewise be overruled.

The foregoing discussion disposes of all points that fairly arise upon the record.

It was suggested in oral argument that certain general school laws, enacted by the General Assembly subsequent to 1902, should be construed and interpreted to have the force and effect of repealing the special Act of 1902 here relied upon. That it was not the legislative intent that any such general laws should have the effect would seem to be clearly indicated by the enactment in 1922, as a

part of the general school law of the State, of the express provision that school trustees should have authority to charge and collect such fees "when allowed by any special Act of the General Assembly." Section 2630, Vol. 3, Civ. Code 1922. We think this case is, therefore, clearly ruled by the views announced and applied in *Holler v. Rock School District,* 60 S. C., 41; 38 S. E., 220, and *Rowell v. McLendon, Treasurer, etc.,* 60 S. C., 47; 38 S. E. 1008.

. It follows that relator's application for a writ of mandamus must be denied, and the petition dismissed.

Dismissed.