THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Motor Vehicles, Respondent,
 v.
 Linda R.
 Galloway, Appellant.
 
 
 

Appeal from the Administrative Law Court
 Ralph K. Anderson, III, Administrative Law Court Judge

Unpublished Opinion No. 2009-UP-063
Submitted February 2, 2009  Filed
 February 3, 2009    
AFFIRMED

 
 
 
 Desa Ballard and P. Christopher Smith, Jr., both of West Columbia,
 and Reese I. Joye, of North Charleston, for Appellant.
 Frank L. Valenta, Jr., of Blythewood, for Respondent.
 
 
 

PER CURIAM: Linda R. Galloway appeals the Administrative Law Court's
 (ALC) order reversing the South Carolina Division of Motor Vehicle Hearings'
 (hearing officer) order rescinding the suspension of Galloway's driver's
 license.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.
1.       As
 to whether the ALC erred by failing to set forth a specific ground for
 overturning the hearing officer's decision: S.C. Code Ann. § 1-23-380 (5)(e)
 (Supp. 2008) (providing an appellate court may reverse or modify the decision
 of the agency if the substantial rights of the appellant have been prejudiced
 because the administrative findings, inferences, conclusions or decisions are
 clearly erroneous in view of the reliable, probative, and substantial evidence
 on the whole record).
2.       As to
 whether the ALC erred in reversing the
 hearing officer's holding that the police officer's testimony was insufficient
 to establish the officer provided Galloway the correct implied consent
 advisement: S.C. Code Ann. § 56-5-2950 (Supp. 2008) (providing the arresting
 officer must provide the implied consent advisement in writing prior to
 administering a breath test, and setting forth the implied consent advisement); Felder v. Johnston, 127 S.C. 215, 217, 121 S.E. 54, 54 (1924) ("In
 the absence of evidence to the contrary, courts are bound to presume that
 public officers have properly discharged their duties and that their acts are
 in all respects regular.").
AFFIRMED. 
HUFF,
 WILLIAMS, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.